UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIAN A.,[1]

                                       Plaintiff,        Case # 19-cv-6503-FPG

v.                                                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                       Defendant.
_____

## INTRODUCTION

On April 14, 2016, Plaintiff Brian A. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). Tr.[2] 189. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Carl E. Stephan on March 22, 2018. Tr. 50-69. Plaintiff testified at the hearing and he was represented by Attorney Alecia Elston. Tr. 53-69. On July 18, 2018 the ALJ issued an unfavorable decision. Tr. 8. The Appeals Council denied review, making the ALJ's decision the final decision of the SSA. Tr. 1-7. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 12. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

---

[1] To better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

**I.     District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.    Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520; 416.920.

# DISCUSSION

## I.     The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 1, 2015, the amended alleged onset date. Tr. 13. At step two, the ALJ found that Plaintiff has the following severe impairments: "bilateral tinnitus, hyperacusis, history of left knee injury and osteopenia, lumbar herniation, and lumbar radiculopathy." Tr. 13. At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 14. The ALJ determined that Plaintiff maintained the RFC to perform "less than the full range of light work." Tr. 14. More specifically, the ALJ found that Plaintiff

> can lift/carry and push/pull up to 20 pounds occasionally and up to 10 pounds frequently. During an eight-hour workday, he can sit for up to six hours and stand/walk for up to six hours. He can occasionally climb ramps/stairs, balance, stoop, and crouch. He cannot climb ladders/scaffolds, kneel, or crawl. He is restricted from unprotected heights and dangerous machinery. He cannot work in environments with loud sounds, such as construction sites or warehouses.

Tr. 14.

At steps four and five, the ALJ concluded that there were jobs that existed in the national economy that Plaintiff could perform. Tr. 17. As such, the ALJ found that Plaintiff was not disabled.

## II.    Analysis

Plaintiff takes issue with the ALJ's decision on the basis that (1) "[t]he ALJ failed to properly evaluate the opinion evidence of record, he substituted his own lay interpretation of bare medical findings for the opinions of trained medical professionals, and he relied upon his lay interpretation in formulating an RFC not supported by substantial evidence"; and (2) "[t]he ALJ

3

failed to obtain vocational expert testimony, despite Plaintiff's bilateral tinnitus and hyperacusis which caused environmental limitations that eroded the occupational base. Thus, meaningful review of the ALJ's step five findings are frustrated." ECF No.8-1 at 1. Because this Court agrees that remand is required under Plaintiff's second argument, it does not address Plaintiff's other argument.

As explained above, at step five the ALJ must consider the claimant's RFC, age, education, and work experience to determine whether he or she can adjust to other work for which there are a significant number of jobs in the national economy. At this step, the burden shifts to the Commissioner to prove that the claimant can transition to other work. *Baron v. Astrue*, No. 08-CV-3303 (CBA), 2010 WL 563069, at *5 (E.D.N.Y. Feb. 17, 2010). "In satisfying this burden, the Commissioner must produce evidence to show alternative employment that exists in significant numbers in the national economy." *Id.* (citation omitted).

One way an ALJ can make his or her step five determination is by relying on the Grids, which are a set of rules that indicate either "disabled" or "not disabled" based on a claimant's age, education, and work history for each given level of exertion.[4] *See* 20 C.F.R. Part 404, Subpart P, App'x 2. If the Grids adequately reflect a claimant's condition, then the ALJ can rely on them at step five to determine whether the claimant is disabled. *Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986).

However, exclusive reliance on the Grids is inappropriate where the Grids fail to account for the full extent of the claimant's limitations. *Id*; *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999); 20 C.F.R., Part 404, Subpart P, App'x 2 § 200.00(a) ("Where any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply in that

---

[4] Jobs are separated into five categories based on their physical exertion requirements: sedentary, light, medium, heavy, or very heavy. 20 C.F.R. § 404.1567.

particular case and, accordingly, does not direct a conclusion of disabled or not disabled."). In particular, an ALJ's sole reliance on the Grids constitutes legal error where the claimant's limitations result in "the additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." *Bapp*, 802 F.2d at 606. "In these circumstances, the Commissioner must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform." *Rosa*, 168 F.3d at 78 (quoting *Bapp*, 802 F.2d at 603) (internal quotation marks omitted).

Here, the ALJ found that Plaintiff retained the RFC to perform light work with additional limitations. Tr. 14. At step five, the ALJ acknowledged that Plaintiff was unable to perform the full range of light work, yet he concluded that sole reliance on the Grids was appropriate because "the additional limitations have little or no effect on the occupational base of unskilled light work." Tr. 18. The ALJ also noted that "SSR 85-15 states that when a person has a medical restriction to avoid excessive amounts of noise, the impact on the broad world of work would be minimal because most job environments do not involve great noise." Tr. 18. The ALJ provided no further analysis on this matter. Courts throughout the Second Circuit have held that this type of conclusory language, without more, is insufficient to support the ALJ's decision to rely on the Grids. *See, e.g.*, *Hernandez v. Colvin*, No. 13-CV-03035 (RPP), 2014 WL 3883415, at *14-16 (S.D.N.Y. Aug. 7, 2014); *Solsbee v. Astrue*, 737 F. Supp. 2d 102, 116 (W.D.N.Y. 2010) ("If the ALJ chooses to proceed without vocational expert testimony, the ALJ 'must provide a similar degree of specificity to achieve the underlying objectives of procedural fairness to the claimant and preservation of an adequate record of review.'") (citing *Decker v. Harris*, 647 F.2d 291, 298 (2d Cir. 1981)).

5

While the ALJ is correct that SSR-85-15 states that "when a person has a medical restriction to avoid excessive amounts of noise, the impact on the broad world of work would be minimal because most job environments do not involve great noise," that provision also states that "[w]here the environmental restriction falls between very little and excessive, resolution of the issue will generally require consultation of occupational reference materials or the services of a [VE]." The ALJ's failure to elaborate on or further explain at step five his conclusion that a vocational expert's testimony was not necessary in Plaintiff's case is a legal error that warrants remand. *Compare Seals v. Colvin*, No. 15-CV-387-FPG, 2016 WL 3996718, at *4 (W.D.N.Y. July 25, 2016) *with Quintana v. Berryhill*, No. 15-CV-835-FPG, 2017 WL 491657, at *6 (W.D.N.Y. Feb. 7, 2017).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 12, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 23, 2021
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court